IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY R. VIGIL,

    Plaintiff,

vs.                                                                                      No. CIV 19-0775 JB/LF

DANIEL AGUILAR; CURRY COUNTY and
CLOVIS POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court sua sponte under rule 41(b) of the Federal Rules of Civil Procedure on the Plaintiff Johnny R. Vigil's Complaint for Violation of Civil Rights, filed August 23, 2019 (Doc. 1)("Complaint"). The primary issue is whether the Court should dismiss the Complaint, because Plaintiff Johnny R. Vigil has not complied with Court orders, statutes, and rules, and has not prosecuted the case. The Court will dismiss the Complaint without prejudice, because Vigil has not complied with Court orders, statutes, and rules, and has not prosecuted the case.

In the Complaint, Vigil states he was incarcerated at the Curry County Detention Center. See Complaint at 1. Although he filed an inmate account statement, Vigil did not pay the filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On April 15, 2021, the Honorable Laura Fashing, United States Magistrate Judge for the United States District Court of New Mexico, ordered Vigil to cure these deficiencies within thirty days either by paying the filing fee or by submitting an application to proceed in forma pauperis. See Order to Cure Deficiency, filed April 15, 2021 (Doc. 5)("IFP Order"). In the IFP Order,

Magistrate Judge Fashing advises Vigil that, if he fails to cure the deficiencies within the thirty-day time period, the Court can dismiss this proceeding without further notice. See IFP Order at 2. Magistrate Judge Fashing orders the Clerk of the Court to send Vigil the forms for submitting a § 1915 application. See IFP Order at 2. More than thirty days has elapsed after entry of the IFP Order and Vigil has not paid the filing fee, submitted an application to proceed under § 1915, or otherwise responded to the IFP Order. A copy of the IFP Order mailed to Vigil at his address of record was returned as undeliverable. See Mail Returned as Undeliverable, filed April 15, 2021 (Doc. 6).

Magistrate Judge Fashing then issued an Order to Show Cause, filed May 4, 2021 (Doc. 7)("Show Cause Order"). In the Show Cause Order, Magistrate Judge Fashing directs Vigil to show cause why the case should not be dismissed because Vigil had not kept the Court advised as to his address. See Show Cause Order at 1-2. Magistrate Judge Fashing also advises Vigil that, if he did not respond to the Show Cause Order within thirty days, the Court can dismiss this proceeding without further notice. See Show Cause Order at 3. More than thirty days have elapsed since the Show Cause Order's entry of the May 4, 2021, and Vigil has not responded to the Order, has not shown cause, and has not communicated with the Court.

Pro se litigants must follow the federal rules of procedure and simple, nonburdensome local rules. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). Local rule 83.6 requires parties to keep the Court advised as to their current address and to maintain contact with the Court. See D.N.M. LR-Civ. 83.6. Rule 41(b) of the Federal Rules of Civil Procedure "permit[s] courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). At the time Vigil filed the Complaint, he stated that he was incarcerated at the Curry County Detention

Center.  See Complaint at 1.  A review, however, of the Curry County Detention Center records indicates that Vigil was released from custody on November 7, 2019, incarcerated again on November 8, 2019, released from custody on March 13, 2020, arrested again on April 17, 2020, and released from custody on May 1, 2020.  See Inmate Inquiry, Curry County Detention Centers, http://lookup.curryjail.com/ (last visited June 29, 2021).  Vigil has never provided the Court with a current address and has not communicated with the Court since 2019.  See Letter, filed October 18, 2019 (Doc. 4).  Mail sent to Vigil's address of record continues to be returned as undeliverable.  See Mail Returned as Undeliverable, filed May 4, 2021 (Doc. 8); Mail Returned as Undeliverable, filed May 4, 2021 (Doc. 9).  Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from Vigil or authorize him to proceed without prepayment of the fee.  See 28 U.S.C. §§ 1914(a), 1915(a).  Vigil has not paid the filing fee or submitted an application to proceed under § 1915.  Magistrate Judge Fashing ordered Vigil to comply with the statutory requirements or to show cause why the Court should not require him to do so.  See IFP Order at 2.  Vigil has not complied with or responded to the IFP Order.  Accordingly, the Court will dismiss this civil proceeding under rule 41(b), because Vigil has not complied with statutes, rules, the IFP Order, the Show Cause Order, and has not prosecuted this proceeding.   This dismissal will not count as a "strike" against Vigil under 28 U.S.C. § 1915(g).  Kirven v. Curry Cty. Det. Ctr., No. CIV 19-0324 JB/SMV, 2021 WL 1215790, at *4 (D.N.M. Mar. 31, 2021)(Browning, J.).  See Wind v. Colorado Attorney Gen., 774 F. App'x 449, 452 (10th Cir. 2019)("Ordinarily, dismissal for failure to prosecute does not count as a strike under § 1915(g).").

**IT IS ORDERED** that Plaintiff Johnny R. Vigil's Complaint for Violation of Civil Rights, filed August 23, 2019 (Doc. 1), is dismissed without prejudice.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE

*Parties:*

Johnny R. Vigil
Clovis, NM

    *Plaintiff pro se*